UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ROBERT LEAF, DEBBIE CARR, and SCOTT LEWIS,<br><br>        Plaintiffs,<br><br>vs.<br><br>BEAR COUNTRY USA, INC.,<br><br>        Defendant. | Civil No. _____ 5:23-cv-5013<br><br><br>**COMPLAINT<br>AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, Robert Leaf, Debbie Carr, and Scott Lewis, by and through their attorney of record, and for their Complaint and causes of action against the above-named Defendant, hereby state and allege as follows:

**PARTIES**

1. Plaintiffs Robert Leaf, Debbie Carr, and Scott Lewis are residents of Greeley, Colorado.

2. Upon information and belief, Defendant Bear Country USA, Inc. is a corporation that is organized in the State of South Dakota with its principal place of business in Rapid City, South Dakota, that possessed, owned, controlled, operated, and maintained Bear Country, USA, wildlife park.

## JURISDICTION AND VENUE

3. The incident which is the subject of this Complaint occurred in Rapid City, Pennington County, South Dakota, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Jurisdiction is proper based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

## FACTS

4. On or about August 10, 2020, Plaintiffs were business invitees of Defendant Bear Country USA, Inc., while they were on a family vacation to the Black Hills of South Dakota.

5. After walking for some time in the hot sun, Robert Leaf led Scott Lewis, who is blind and non-verbal, toward a park bench to rest. The bench was at the side of the paved visitor walkway on Defendant's business premises, clearly intended for use by business invitees and visitors such as Robert and Scott.

6. Unbeknownst to Robert Leaf and Scott Lewis, the bench was not secured to the ground in any way.

7. The surface upon which the bench was situated was not smooth or level.

8. As soon as Robert Leaf started to sit down on this bench, it immediately tipped over backward, resulting in severe and permanent injury to Robert, including vertebral fracture.

9. Defendant knew or should have known that a park bench intended to be used by its customers that was not secured to the ground in any way created an unreasonable risk of harm.

## COUNT I – NEGLIGENCE

10. Plaintiffs incorporate by reference each and every paragraph set forth herein.

11. Defendant Bear Country USA, Inc. owed a duty of reasonable care to Plaintiffs, who were customers and business invitees, to exercise ordinary care and awareness in the operation, management, maintenance and control of its business premises, including, but not limited to, maintaining its premises in a safe and reasonable manner to protect the safety of its customers and business invitees.

12. Defendant Bear Country USA, Inc., through its owners(s) and/or manager(s) and/or employee(s), had a continuing duty to locate hazardous conditions on their business premises which foreseeably may imperil the health or safety of business invitees thereon, and to continue to remedy and/or warn of the same so as to protect such business invitees from harm or injury, as well as to comply with any and all other continuing duties required of it, such duties including pertaining to, but not limited to, patently and/or latently potential and/or actual dangerous conditions existing in areas where such business invitees may traverse.

13. On or about August 10, 2020, Defendant, through its owner(s) and/or manager(s) and/or employee(s), knew, or in the exercise or reasonable care should have known, that business invitees such as Plaintiffs would reasonably rely on Defendant to

make such continuing and appropriate steps to comply with or fulfill its duties under law regarding the safety of its business premises.

14. At all relevant times, Defendant breached its duty of reasonable care through acts of omission or commission, which collectively and severally, constituted negligence, and which were a direct and proximate cause of Plaintiffs' injuries.

15. On or about August 10, 2020, there existed on Defendant's business premises, in areas which were open for use by its business invitees, a patent and/or latent dangerous or hazardous condition along its paved walkway, to-wit: an unsecured bench situated on an uneven surface.

16. Defendant, through its owner(s) and/or manager(s) and/or employee(s), breached its duties of care owed to invitees including Plaintiffs when it failed to properly secure the bench and failed to place it on a smooth and level surface, which created a hazard unknown to Defendant's invitees, including Plaintiffs.

17. Defendant's negligence includes, but is in no way limited to:

   a. Failing to properly secure the bench;

   b. Failing to place the bench on a smooth and level surface;

   c. Failing to use reasonable care in recognizing that an unsecured bench on an uneven surface presented an unreasonably hazardous and/or dangerous situation;

   d. Failing to adequately warn or otherwise notify its customers and business invitees of the dangers and risks of hazard associated with using the bench as placed by Defendant on its own business premises;

    e. Otherwise generally failing to protect its customers and business invitees in a safe and prudent manner.

18. Defendant, through its owner(s) and/or manager(s) and/or employee(s), knew or should have known that its business invitees would sit down on the bench which it had placed at the side of its visitor walkway on its business premises.

19. It was reasonably foreseeable and Defendant, through its owner(s) and/or manager(s) and/or employee(s), knew or should have known that an unsecured bench situated upon an uneven surface was likely to tip over and injure an invitee who attempted to sit upon it, putting its business invitees at risk of injury.

20. Defendant Bear Country USA, Inc. breached its duty of exercising reasonable care for the safety of its invitees. The failure of Defendant, through its owner(s) and/or manager(s) and/or employee(s), to comply with its duties regarding its business premises, constituted negligence which was a proximate cause of the damage to Plaintiffs.

21. Plaintiffs are free from contributory negligence.

22. As a direct, legal, and proximate result of the Defendant's negligence, Plaintiff Robert Leaf has sustained damages, which include but are not limited to temporary and permanent bodily injuries, past and future medical expenses, pain and suffering, emotional distress, mental anguish, and loss of enjoyment of life. For these damages, Robert Leaf is entitled to recovery from Defendant.

## COUNT II – LOSS OF CONSORTIUM

23. Plaintiffs incorporate by reference each and every paragraph set forth herein.

24. At all times relevant hereto, Plaintiff Debbie Carr was the lawful spouse of Robert Leaf.

25. At all times relevant hereto, Plaintiffs Robert Leaf and Debbie Leaf were co-guardians and primary caretakers of Scott Lewis, who is severely disabled, blind, and non-verbal.  Scott is the son of Debbie and the stepson of Robert.  Plaintiff Scott Lewis is and had been for a significant period of time before the subject accident reliant on Plaintiff Robert Leaf for assistance with completion of activities of daily living tasks.

26. As a direct, legal, and proximate result of the Defendant's negligence, Plaintiffs have sustained damages for loss of consortium including, but not limited to, the reasonable value of Robert's services, aid, comfort, society and companionship, and the value of the services, aid comfort, society and companionship of which Debbie and Scott are reasonably certain to be deprived of in the future as a result of, Defendant's negligence, entitling them to an award of damages.

27. Plaintiffs Robert Leaf and Debbie Carr allege their marital relationship has been impaired and depreciated, and the marital association between husband and wife has been altered.

28. As a direct, legal, and proximate result of the Defendant's negligence, Plaintiffs have suffered and will suffer in the future special and general damages in an amount to be determined by the trier of fact.

29.     Plaintiffs seek recovery against Defendant of the monetary value of such mandatory prejudgment interest on such elements of damage or injury to which prejudgment interest applies, commencing on August 10, 2020.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. That Defendant Bear Country USA, Inc. be found liable for Plaintiffs' damages;

2. For general and special damages in an amount to be determined by a jury, plus prejudgment interest thereon;

3. For Plaintiffs' costs and disbursements herein; and

4. For such other and further relief as the Court or jury deems appropriate, just and equitable in the premises.

### **TRIAL BY JURY IS HEREBY DEMANDED**

Dated March 17, 2023.

                        LYNN, JACKSON, SHULTZ & LEBRUN, P.C.


                    By:  */s/ Cassidy M. Stalley*
                          Cassidy M. Stalley
                          Thomas G. Fritz
                          Attorneys for Plaintiffs
                          909 St. Joseph Street, Suite 800
                          Rapid City, SD  57701-3301
                          605-342-2592
                          cstalley@lynnjackson.com
                          tfritz@lynnjackson.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Leaf, Debbie Carr, and Scott Lewis

### DEFENDANTS
Bear Country USA, Inc.

**(b)** County of Residence of First Listed Plaintiff  **Weld County, CO**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Pennington County, SD**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lynn, Jackson, Shultz & Lebrun, P.C.
909 St. Joseph St., Suite 800, Rapid City, SD 57701
605-342-2592

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY (cont.)**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)

Brief description of cause:
Personal injuries sustained at defendant's place of business

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 3/17/2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Cassidy M. Stalley

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____